UNITED STATES COURT OF APPEALS

September 10, 2020

FOR THE TENTH CIRCUIT
_____

GREGORY D. CROSBY, a/k/a Gregory
D. Cosby,

     Petitioner - Appellant,

v.

BILL TRUE, Warden,

    Respondent - Appellee.

No. 20-1221
(D.C. No. 1:19-CV-03199-WJM)
(D. Colo.)

_____

ORDER AND JUDGMENT[*]
_____

Before **BRISCOE**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Petitioner Gregory D. Crosby, a federal prisoner proceeding pro se, appeals the

district court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C.

§ 2241 and seeks leave to proceed *in forma pauperis*.[1] We affirm the dismissal of his

petition and deny his motion to proceed *in forma pauperis*.

___

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Crosby is a federal prisoner proceeding under § 2241, a
certificate of appealability is not a prerequisite to his appeal. *See McIntosh v. United
States Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997).

# I

Mr. Crosby is a federal prisoner in the custody of the Bureau of Prisons ("BOP"). He is currently serving a 262-month sentence at the United States Penitentiary-Administrative Maximum in Florence, Colorado.

Mr. Crosby filed the instant § 2241 petition on November 8, 2019. In his petition, Mr. Crosby made two claims for relief. First, Mr. Crosby sought to participate in evidence-based recidivism reduction ("EBRR") programs and to receive the associated time credits for completing such programs (the "EBRR Claim"). Second, Mr. Crosby requested relocation to a United States Penitentiary closer to his residence (the "Transfer Claim"). The district court denied both claims without prejudice. The district court denied the EBRR Claim on the merits, concluding Mr. Crosby's request for access to the EBRR programming was premature because the BOP had a two-year phase-in period to provide EBRR programming, and that period had not yet elapsed. *See* 18 U.S.C. § 3621(h)(2). The district court denied the Transfer Claim for lack of statutory jurisdiction, because that claim was not cognizable under § 2241; instead, the district court found that the Transfer Claim should be brought as a *Bivens* action. The district court also declined to consider Mr. Crosby's hand-written motion for appointment of counsel, because the motion was illegible.

**II**

Because Mr. Crosby appears pro se, we construe his filings liberally, but we do not serve as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**A. The Transfer Claim**

On appeal, Mr. Crosby asserts that the district court erred by failing to convert his § 2241 petition into a *Bivens* action. Mr. Crosby failed to raise this issue below, by either responding to the Warden's jurisdictional arguments upon reply or by moving the district court to convert his habeas petition into a civil rights action. Accordingly, we review for plain error. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011).

The district court did not err in declining to sua sponte convert Mr. Crosby's Transfer Claim into a *Bivens* action. Although a district court may have discretion to convert a pro se prisoner's claim, nothing in this court's prior rulings indicates that failure to do so is error. Indeed, the cases Mr. Crosby relies upon recognize that the decision to convert a prisoner's habeas petition into a civil rights action is committed to the district court's discretion. *See Bell v. United States*, No. 08-CV-335-WDM-KLM, 2009 WL 1609396, at *4 (D. Colo. June 9, 2009) (acknowledging the court could dismiss for lack of jurisdiction); *Jones v. Chester*, No. 08-3285-RDR, 2009 WL 331614, at *2 (D. Kan. Feb. 10, 2009) (same). Furthermore, this court has previously directed district courts to dismiss, without prejudice, a challenge to the place of confinement improperly brought under § 2241. *See, e.g.*, *Palma-Salazar v. Davis*,

3

677 F.3d 1031, 1039 (10th Cir. 2012). Here, the district court similarly dismissed, without prejudice, Mr. Crosby's Transfer Claim improperly brought under § 2241. Accordingly, the district court did not err.

**B. The Motion for Appointment of Counsel**

Mr. Crosby also asserts on appeal that the district court erred by failing to give or send him an order on his motion for appointment of counsel. To the extent Mr. Crosby objects to the district court's ruling, the district court did not abuse its discretion in declining to consider the motion for being illegible. *See Hurt v. United States*, 705 F. App'x 778 (10th Cir. 2017) (dismissing illegible appeal as frivolous). To the extent Mr. Crosby objects to the district court's alleged failure to communicate its order to Mr. Crosby, a notice of the order was, in fact, mailed to Mr. Crosby at the prison where he is incarcerated. ROA at 106.

**C. The EBRR Claim**

Mr. Crosby's appeal, even liberally construed, does not challenge the district court's merits ruling on his EBRR Claim. Unlike the Transfer Claim, the district court did not dismiss Mr. Crosby's EBRR Claim for lack of statutory jurisdiction. Thus, Mr. Crosby's challenge to the district court's ruling on his Transfer Claim cannot apply to his EBRR Claim. Mr. Crosby also does not raise any independent objection to the district court's ruling on his EBRR Claim. Although Mr. Crosby asserts that he is eligible to participate in EBRR programming, his eligibility is not at issue. In fact, the district court acknowledged Mr. Crosby's eligibility. ROA at 130. Accordingly, in the absence of Mr. Crosby's identifying any error by the district

4

court as regards the EBRR Claim, we need not review the district court's merits ruling on that claim. *See Dodds v. Richardson*, 614 F.3d 1185, 1205 (10th Cir. 2010) ("A court of appeals is not required to manufacture an appellant's argument on appeal when it has failed in its burden to draw our attention to the error below.").

### D. The Motion to Proceed *In Forma Pauperis*

Mr. Crosby has also filed a motion to proceed *in forma pauperis*. Because Mr. Crosby has not provided a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," his motion is denied. *McIntosh*, 115 F.3d at 813 (quotation omitted).

## III

For the foregoing reasons, we AFFIRM the district court's dismissal of Mr. Crosby's petition and DENY his motion to proceed *in forma pauperis*.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

5